## AMBROSE H. WYMAN *vs.* ELLIOT H. BANTON.

### Waldo, 1875.—July 19, 1875.

*Action. New trial.*

Where A. manufactured at his mills logs for B., and retained the slabs made therefrom, claiming them as his own by a usage existing in the place where manufactured, the log owner cannot recover for the value of such slabs in assumpsit upon an account annexed, in the absence of any promise of the manufacturer to pay for them.

A winning party may take advantage in this court, of a point raised by the evidence reported, to retain a verdict, although not taken at the trial; when it is manifest that the action, for a fundamental reason, cannot be maintained, if a new trial was granted.

ON MOTION AND EXCEPTIONS.

ASSUMPSIT, on account annexed for seventy-five cords of slabs, sawed from logs belonging to the plaintiff, at different times, from 1868 to 1872, at $2.00 per cord. $150.

Plea, general issue. Verdict for the defendant. The plaintiff filed exceptions and motion to set aside the verdict.

*J. W. Knowlton*, for the plaintiff.

*W. H. McLellan*, for the defendant, submitted without brief.

PETERS, J. The case shows that the defendant manufactured into boards, at his mills, certain logs for the defendant, at an agreed compensation therefor. The boards were taken away by the plaintiff, as the same were produced, and the slabs, made in manufacturing the boards, were left at the mills. The business

between the parties was carried on in this mode for several years, the defendant all the while in one form and another converting the slabs to his own use. Finally, the plaintiff sued the defendant for the slabs, in an action of assumpsit upon an account annexed. At the trial, the defendant set up that, by a usage of the community where the logs were sawed, the slabs belonged to the manufacturer as a part of his compensation for manufacturing. The court ruled as a matter of law, that such usage, if established, was a reasonable and lawful one. This ruling is complained of by the plaintiff. But as there is no evidence in the report of the testimony of the case, that there ever was any promise by the defendant to purchase or pay for the slabs, and inasmuch, on the contrary, as the evidence conclusively shows, that he retained them to his own use upon a ground of ownership and right thereto, totally inconsistent with any such promise express or implied, we are of the opinion, that for that reason, the ruling becomes entirely immaterial, and that this action of assumpsit cannot be maintained.

The plaintiff contends, however, that this point was not taken at the trial, and that the defendant is for that reason debarred from asserting such a defense at this stage of the case. A losing party would not have a right to take advantage of a point to obtain a new trial which was not taken when the cause was tried ; but a winning party may, to retain a verdict, when it is manifest that, if a new trial was granted, the action for a fundamental reason cannot be maintained. *Motion and exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.